UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. _____
*Electronically Filed*

**STEVEN HOECK and**
**MELISSA ROBERTS**                                              **PLAINTIFFS**

v.

**ADDICTION TREATMENT CENTERS LLC**                              **DEFENDANTS**

*Serve via: Certified Mail*
        Dede Stratton and John Pappas
        Registered Agents for Service of Process
        Addiction Treatment Centers LLC
        1736 Alexandria Drive
        Suite 225
        Lexington, Kentucky 40504

**and**

**DEDE STRATTON**

*Serve via: Certified Mail*
        Dede Stratton
        Addiction Treatment Centers LLC
        1736 Alexandria Drive
        Suite 225
        Lexington, Kentucky 40504

---

## COMPLAINT WITH JURY DEMAND

---

Plaintiffs Steven Hoeck and Melissa Roberts, by and through counsel, submit this Complaint against Defendants Addiction Treatment Centers LLC and Dede Stratton.

### Parties, Jurisdiction, and Venue

1. Plaintiff Steven Hoeck is, and at all times relevant to this action was, a citizen and resident of Crab Orchard, Lincoln County, Kentucky.

2. Plaintiff Melissa Roberts is, and at all times relevant to this action was, a citizen and resident of Versailles, Woodford County, Kentucky.

3. Defendant Addiction Treatment Centers LLC ("ATC") is, and at all times relevant to this action was, a limited liability company organized under the laws of the Commonwealth of Kentucky that conducted business in Lexington, Fayette County, Kentucky. ATC may be served with process via its registered agents, Dede Stratton and John Pappas, at 1736 Alexandria Drive, Suite 225, Lexington, Kentucky 40504.

4. Dede Stratton is, and at all times relevant to this action was, a member of ATC and its Chief Executive Officer. Upon information and belief, Stratton is, and at all relevant times to this action was, a citizen and resident of Georgetown, Scott County, Kentucky.

5. Plaintiffs' claims for unpaid overtime wages are brought under the Fair Labor Standards Act, 29 U.S.C. § 207. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiffs' claims arising under Kentucky state law pursuant to 28 U.S.C. § 1367.

7. The United States District Court for the Eastern District of Kentucky, Central Division at Lexington, is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(a)(2)(B).

**Facts**

8. ATC provides intensive outpatient counseling with medicated-assisted treatment to patients struggling with addiction.

9. As a member of ATC and its CEO, Stratton possessed and exercised direct day-to-day operational control over ATC. She had and exercised the authority to hire and fire employees;

she directly supervised ATC employees and controlled employee work schedules and the conditions of employment; and she was directly involved in determining the rate and method of employees' pay.

10. Hoeck is a former employee of ATC. From March 2019 through October 10, 2019, he worked as a peer support specialist, director of operations, and a business development liaison.

11. At all times during his employment, Hoeck was paid an hourly wage that ranged from $12.00 per hour to $30.00 per hour.

12. Roberts is a former employee of ATC. From March 2019 to October 7, 2019, she worked as a billing coordinator.

13. At all times during her employment, Roberts was paid an hourly wage of $15.00 per hour.

14. During their employment, Defendants misclassified Hoeck and Roberts as independent contractors rather than as full-time employees.

15. Defendants exercised control over Hoeck and Robert's schedule, including their hours and their days off.

16. Defendants provided Hoeck and Roberts with specific instructions on how to perform their jobs.

17. Defendants required Hoeck and Roberts to conform to a specified dress code.

18. Defendants furnished Hoeck and Roberts with all tools, instrumentalities, and other items necessary to perform their duties.

19. Hoeck and Roberts's employment was at-will. Defendants could hire and fire Hoeck or Roberts at any time and for any reason, or no reason. Defendants also had the ability to discipline Hoeck or Roberts.

20. Hoeck and Roberts had no discretion or control over which job assignments they were given or over what assignments they could accept or reject.

21. During their employment, Hoeck and Roberts regularly worked more than eight hours per day and more than 40 hours per week.

22. During their employment, Defendants never paid Hoeck or Roberts overtime wages at a rate of time-and-one-half for all hours worked in excess of 40 hours in a work week.

23. During their employment, Defendants regularly denied Hoeck and Roberts paid 10-minute rest breaks as required by KRS § 337.365.

24. During their employment, Defendants regularly denied Hoeck and Roberts meal breaks as required by KRS § 337.355.

25. During their employment, Defendants wrongfully docked Hoeck and Roberts's pay to reflect breaks on a timecard that they did not or could not take during their shifts.

## Count I:
## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

26. Plaintiffs reassert each and every allegation set forth in Paragraphs 1-25 above.

27. 29 U.S.C. § 207 provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Hoeck and Roberts were both an "employee" as defined by the FLSA. 29 U.S.C. § 203(e)(1).

29. ATC is an "employer" as defined by the FLSA. *Id*. at 203(d).

30. Stratton is an "employer" as defined by the FLSA. *Id.*

31. During Plaintiffs' employment, they regularly worked more than forty hours per week but were not paid overtime wages at a rate of one-and-a-half times their regular pay.

32. Defendants have made no good-faith effort to comply with the FLSA; instead, Defendants misclassified Plaintiffs as independent contractors to avoid paying, *inter alia*, employment taxes and overtime wages.

33. Defendants' failure to pay Plaintiffs overtime wages was not in good faith, and Defendants had no reasonable grounds for believing that their actions did not violate federal law.

34. As a result of ATC's violations and unlawful acts, Hoeck and Roberts have suffered damages, including, but not limited to, unpaid overtime wages in an amount to be determined at trial. Hoeck and Roberts are also entitled to recover liquidated damages, pre-judgment interest, and attorney's fees, costs, and expenses.

### Count II: Violation of the Kentucky Wages and Hours Act, KRS § 337.285

35. Plaintiffs reassert each and every allegation set forth in Paragraphs 1-34 above.

36. KRS § 337.285 provides that "[n]o employer shall employer any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forth (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed."

37. Plaintiffs may sue for violation of KRS § 337.285 through KRS § 337.385.

38. Hoeck and Roberts were both an "employee" as defined by the Wages and Hours Act. KRS § 337.010(1)(e).

39. ATC and Stratton were both an "employer" as defined by the Wages and Hours Act. KRS § 337.010(1)(d).

40. During Plaintiffs' employment, they regularly worked more than forty hours per week but were not paid overtime wages at a rate of one-and-a-half times their regular pay.

41. Defendants have made no good-faith effort to comply with the Wages and Hours Act; instead, Defendants misclassified Plaintiffs as independent contractors to avoid paying, *inter alia*, employment taxes and overtime wages.

42. Defendants' failure to pay Plaintiffs overtime wages was not in good faith, and Defendants had no reasonable grounds for believing that their actions did not violate state law.

43. As a result of ATC's violations and unlawful acts, Hoeck and Roberts have suffered damages, including, but not limited to, unpaid overtime wages in an amount to be determined at trial. Hoeck and Roberts are also entitled to recover liquidated damages, pre-judgment interest, and attorney's fees, costs, and expenses.

## Count III:
## Violation of the Kentucky Wages and Hours Act, KRS § 337.355 and KRS § 337.365

44. Plaintiff reasserts each and every allegation set forth in Paragraphs 1-43 above.

45. KRS § 337.355 provides that employers "shall grant their employees a reasonable period for lunch, and such time shall be as close to the middle of the employee's scheduled work shift as possible. In no case shall an employee be required to take a lunch period sooner than three (3) hours after his work shift commences, nor more than five (5) hours from the time his work shift commences."

46. KRS § 337.365 provides that "[n]o employer shall require any employee to work without a physical rest period of at least ten (10) minutes during each four (4) hours worked. . . . This shall be in addition to the regularly scheduled lunch period. No reduction in compensation shall be made for hourly or salaried employees."

47. Employees, like Hoeck and Roberts, may sue for violations of KRS § 337.355 and KRS § 337.365 through KRS § 446.070.

48. During their employment, Plaintiffs regularly worked more than eight hours per day.

49. Despite their working hours, Defendants regularly denied meal breaks and rest breaks to Plaintiffs or otherwise prevented them from taking meal and rest breaks.

50. As a result of ATC's violations and unlawful acts, Hoeck and Roberts have suffered damages in an amount to be determined at trial.

### Count IV:
### Violation of the Kentucky Wages and Hours Act, KRS § 337.060

51. Plaintiff reasserts each and every allegation set forth in Paragraphs 1-50 above.

52. KRS § 337.060 provides that "no employer shall withhold from any employee any part of the wage agreed upon."

53. Employees, like Hoeck and Roberts, may sue for violations of KRS § 337.060 through KRS § 337.385.

53. During their employment, Plaintiffs were regularly denied meal breaks.

54. Nevertheless, Defendants regularly deducted time from Plaintiffs' timecards – up to 2.5 hours per week, or 30 minutes per day – to reflect meal breaks they did not or could not take during their shifts.

55. By deducting time from Plaintiffs' timecards, Defendants have withheld the agreed-upon wages owed to Plaintiffs. In many instances, the deduction of time for meal breaks that were not taken impacted Plaintiffs' total hours, and overtime hours, for that work week.

56. Defendants' failure to pay Plaintiffs their agreed-upon wages was not in good faith, and Defendants had no reasonable grounds for believing that their actions did not violate Kentucky law.

57. As a result of Defendants' violations and unlawful acts, Hoeck and Roberts have suffered damages, including, but not limited to, lost wages and lost overtime wages, in an amount to be determined at trial. Hoeck and Roberts are also entitled to recover liquidated damages, pre-judgment interest, and attorney's fees, costs, and expenses.

### Prayer for Relief

Wherefore, Plaintiffs Steven Hoeck and Melissa Roberts respectfully pray that they be awarded the following relief against Defendants Addiction Treatment Centers LLC and Dede Stratton:

A. trial by jury;

B. judgment against Defendants on all claims asserted in this Complaint;

C. compensatory damages, including, but not limited to, back pay / lost wages and benefits, emotional distress, mental anguish, humiliation, and embarrassment;

D. equitable relief, including, but not limited to, liquidated damages under both the FLSA and Wages and Hours Act.

E. reasonable attorney's fees, costs, and expenses incurred in prosecuting this action;

F. pre- and post-judgment interest; and

G. any other relief to which they may be entitled.

- 9 -

Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Tamara J. Patterson
Lockaby PLLC
1795 Alysheba Way, Suite 4207
Lexington, Kentucky 40509
Tele:   859.263.7884
Fax:    844.270.3044
Email:  mlockaby@lockabylaw.com
        tpatterson@lockabylaw.com

*Counsel for Plaintiffs Steven Hoeck and Melissa Roberts*